NYC COMMISSION
ON HUMAN RIGHTS
LAW ENFORCEMENT BUREAU

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
2005 JUL 12 R 4: 34

**JUDGE CHIN**

------------------------------------X

CRISPINA MIRASOL,

         Plaintiff,

05 CV No. 6368

v.

**COMPLAINT & JURY DEMAND**

UNITED STATES DEPARTMENT OF COMMERCE,
SECRETARY CARLOS M. GUTIERREZ,
ECONOMICS AND STATISTICS ADMINISTRATION,
AND
THE UNITED STATES CENSUS BUREAU,

         Defendants.

------------------------------------X



RECEIVED
JUL 12 2005
U.S.D.C. S.D. N.Y.
CASHIERS

## CAUSE OF ACTION
### DISCRIMINATION IN EMPLOYMENT ON THE BASIS OF RACE AND NATIONAL ORIGIN
### CONTINUING VIOLATION OF PLAINTIFF'S CIVIL RIGHTS BY REPEATED FAILURES TO PROMOTE PLAINTIFF OVER THE COURSE OF TWO DECADES
*(Title VII; § 1981; N.Y. Executive Law; New York City Human Rights Law)*

### Parties

1. Crispina Mirasol, a citizen of the United States, ("Ms. Mirasol" or "Plaintiff"), is an East Asian, Filipino woman, who was born in the Philippines. She has been employed by the United States Census Bureau since December 1985, and currently works in its New York Regional office as an Administrative Technician, at a grade of GS-0303-05 ("Grade 5").

2. The United States Census Bureau ("Census Bureau" or "Defendant"), a division of the United States Department of Commerce, Economics and Statistics

1

Administration, holds itself "as the leading source of quality data about the nation's people and economy."

3. For all relevant causes of action herein, Lester Farthing, an African-American male, is the Regional Director of the Census Bureau's New York Regional office, a position he has held for more than eight years. He has been in a supervisory chain of command over Ms. Mirasol since her placement at the New York Regional office.

4. For all relevant causes of action herein, Ligia Jaquez is the Assistant Regional Director of the Census Bureau's New York Regional office. She is and has been in a supervisory chain of command over Ms. Mirasol.

5. For all relevant causes of action here, Julia Muniz, is an Administrative Officer at the Census Bureau's New York Regional office. Ms. Muniz has held this position for over sixteen years, and has been in a supervisory chain of command over Ms. Mirasol for the past seven years.

### Jurisdiction and Venue

6. Plaintiff duly exhausted her administrative remedies by filing a complaint with the EEO counselor, and then with the Office of Civil Rights at the Department of Commerce. She subsequently submitted to the jurisdiction of the Equal Employment Opportunity Commission ("EEOC") in order that her claims could be adjudicated by an Administrative Law Judge.

7. On May 19, 2005, Ms. Mirasol made an application requesting withdrawal of her charge of discrimination, and dismissal of her case from the EEOC, in order to file a civil action in federal court.

8. On May 23, 2005, Administrative Law Judge Andree Peart Laney issued a Dismissal Order, acknowledging withdrawal of Ms. Mirasol's charge of discrimination, and dismissing her case from the EEOC.

9. The jurisdiction of this Court is conferred by the presence of federal questions arising from claims based on Title VII of the Civil Rights Act of 1964 §§ 701 *et. seq.*, as amended 42 U.S.C. 2000e, *et. seq.*, and 42 U.S.C. 1981 *et. seq.*

10. Supplemental jurisdiction is conferred pursuant to 28 U.S.C. 1367 arising from claims of discrimination and violation of law under N.Y. Executive Law § 290 *et. seq.*, and N.Y.S. Administrative Code § 8-107, *et. seq.*

11. Venue is appropriate pursuant to 28 U.S.C. § 1391 in the Southern District of New York because a substantial part of Plaintiff's claims have emerged from this district, and all Defendants have sufficient contacts to be subject to jurisdiction in the district.

### Facts

*__Throughout Ms. Mirasol's employment with the Census Bureau, the Census Bureau has repeatedly, and intentionally failed to promote her, while promoting less qualified individuals.__*

12. Ms. Mirasol is a dedicated employee, and has been employed by the Census Bureau for nearly 20 years. She has a Bachelor's degree in Business Administration, is a

Certified Public Accountant, and has attended New York University's Graduate School of Public Administration.

13. Throughout her employment with the Census Bureau, Ms. Mirasol's performance has been satisfactory.

14. She has received awards recognizing her performance. In 1999, she received a "Census Award of Excellence."

15. All of her supervisors have continuously maintained that she performs all aspects of her job extremely well.

16. Yet, Ms. Mirasol has been subjected to a pattern of non-promotions on the basis of her East Asian race and Filipino national origin, from 1985 to the present. She has suffered a continuing violation of her civil rights, since the Census Bureau's repeated failures to promote her amount to a "series of related acts."

17. Ms. Mirasol has observed Black and Hispanic employees receive preferential treatment in the workplace, while East Asian employees are treated less favorably.

18. Employees that are not of East Asian race and national origin receive promotions easily, and without impediment. Black and Hispanic employees receive favorable treatment at the New York field office.

*All the denials of promotions Ms. Mirasol suffered occurred under an inference of discrimination.*

19. In or about 1985, a vacancy arose for the Supervisory Payroll/Personnel Clerk position. Ms. Mirasol applied for and was denied this position, though she was more qualified and had more seniority than the individual who was selected.

20. She verbally complained about this to the overall coordinator of the New Jersey Pre-Test operations. Ms. Mirasol was fired shortly thereafter.[1]

21. In or about 1988, Ms. Mirasol applied for the position of Support Services Supervisor at the New York Regional office. The excuse given to Ms. Mirasol for not selecting her for the position was that her application was received late. However, her application had been submitted in a timely fashion. A Hispanic employee, Ms. Muniz, was selected for this position.

22. In or about 1998, Ms. Mirasol was not even interviewed for the three Administrative Specialist vacancies that were posted, and that she applied for. After these positions were filled, Ms. Mirasol was interviewed. Accordingly, she felt she was subjected to sham interviews.

23. In or about 1999, Ms. Mirasol was aware that a vacancy arose for two Administrative Specialist positions that were not posted, thereby preventing Ms. Mirasol from even applying. A Black employee, however, received the promotion that was never posted.

---

[1] Though she was subsequently re-hired by the Census Bureau, this firing and lack of income caused immense hardship to herself and her family.

5

24. In or about 2001, Ms. Mirasol was temporarily placed in the position of Administrative Specialist in Newark, New Jersey. A black employee similarly situated to Ms. Mirasol was given an extension on her temporary appointment and subsequently promoted, while Ms. Mirasol's appointment was cut short. She was not given a promotion, despite being more senior than the black employee in question.

25. Ms. Mirasol has reported and complained to the Census Bureau that there is prejudice in the workplace, in 1997, but she was scared to use the word discrimination. She had heard that individuals that complained about discrimination were immediately retaliated against.

26. Ms. Mirasol actually filed an internal grievance because she felt that that she was downgraded on her performance evaluation. She did mention that her supervisors' minds were tainted *with prejudices*. Even this she indicated with great fear.

27. Not only was Ms. Mirasol's grievance not resolved, and her evaluation not corrected, but also, a supervisor approached her in the restroom and asked if Ms. Mirasol had "brought a suit" against the Census Bureau.

28. Since that time, Ms. Muniz has behaved abusively towards Ms. Mirasol, has pelted her with additional work right before she goes home, and has subjected her to micromanagement that she does not inflict on Black and Hispanic employees.

### *After suffering yet another discriminatory denial of a promotion on the basis of her race and national origin in 2003, Ms. Mirasol realized that she may never be promoted.*

29. On or about July 31, 2003, the New York Regional Office posted information about the "Administrative Specialist, GS-0301-09" position. Ms. Mirasol promptly applied, because she had the requisite qualifications.

30. Additionally, in her current capacity of Administrative Technician, she was already performing the duties of the Administrative Specialist position, and thought it would be a natural step up for her to fill a position that would enable her to continue to perform work she was already doing.

31. On September 17, 2003, the Human Resources Division notified Ms. Mirasol that though she was qualified for the position of Administrative Specialist, she was not selected for it.

32. Rather, a Black employee, Elsie McNeill-Gittens, was selected, through she was less qualified than Ms. Mirasol.

33. Ms. Mirasol complained within 45 days of the denial of this promotion, to the EEO counselor.

34. The EEO counselor further conveyed to Ms. Mirasol that the position of Administrative Specialist would not be awarded to her, according to Mr. Farthing, the Regional Director, because the Census Bureau simply does not have the budget to create a position just for her.

35. However, there exist documents and information to the contrary, i.e. that the Regional Director does have the budget and authority to create new positions, and has done so for other employees, after Ms. Mirasol complained to the EEO counselor.

36. Mr. Farthing, in fact, has created special promotional positions for Ms. McNeill-Gittens, in 1997, 1998, 1999, and 2001, which were not posted. According to Ms. McNeill-Gittens herself, Mr. Farthing has the power to accord promotions in this manner.

37. In the EEO counselor's report, it is documented that Defendant Farthing, stated that Ms. Mirasol was not selected because she did not do well in the interview process, and the person selected, Ms. McNeill-Gittens, did better. **What is telling is that in his sworn Interrogatory Responses submitted to the investigator, he stated that he never interviewed Ms. Mirasol for this position.**

38. Mr. Farthing stated that Ms. Mirasol is an excellent employee with a proven track record at the agency, but that does not mean she is as qualified as Ms. McNeill Gittens.

39. The reasons for denying Ms. Mirasol this promotion, provided by Defendants Jaquez and Muniz, are based on vague assertions about Ms. Mirasol's interviewing skills, and inaccurate information about Ms. Mirasol's administrative experience.

40. Most employees that received promotions of interest to Ms. Mirasol are Black or Hispanic.

41. Though Ms. McNeill-Gittens received the promotion to Administrative Specialist, that Ms. Mirasol was more qualified for, Ms. McNeill-Gittens did not

perform all the duties of required of the position. Ms. Mirasol continued to perform these duties, though Ms. McNeill-Gittens received the promotion, and the change in title.

42. In fact, Ms. Mirasol has more administrative experience than Ms. McNeill-Gittens.

43. Both Ms. Muniz and Ms. McNeill-Gittens requested assistance from Ms. Mirasol in completing their work and administrative responsibilities that the New York Regional Office's management handed them for completion.

44. Ms. Mirasol realized that if she continued to work under the same supervisors, who gave preferential treatment to Black and Hispanic employees, her promotion potential would remain at zero.

45. She was denied a requested transfer, though the Census Bureau does create positions at its discretion.

46. As a result of the pattern of non-promotions, Ms. Mirasol has suffered the denial of advancement commensurate with her skills, qualifications, and performance, as well as significant loss of salary and benefits within the organization.

47. As a result of the discrimination and continuing violation of her rights, Ms. Mirasol has been extremely distraught, distressed, and saddened by what happened to her. Ms. Mirasol, although in need of counseling, lacks the financial resources to pay for it.

48. By reason of the foregoing, the U.S. Department of Commerce, and the Census Bureau are liable to Ms. Mirasol pursuant to Title VII, § 1981, the N.Y. Executive Law, and the New York City Human Rights Law.

## *LIABILITY*

49. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 48.

50. Defendants are liable to Plaintiff as follows:

    a) Back pay, lost bonuses, and benefits;

    b) Compensatory Damages;

    c) Liquidated Damages;

    d) Attorneys' fees; and

    e) Such other relief as this Court deems just and reasonable.

## *JURY DEMAND*

51. Plaintiff hereby demands a jury trial for all causes of action.

WHEREFORE, Plaintiff respectfully requests that she be awarded judgment for the relief sought in this Complaint.

DATED:   July 11, 2005
            New York, New York

Respectfully submitted,

*[signature]*

Denise K. Bonnaig (DB 6898)
Bonnaig & Associates
Attorneys & Counselors At Law
277 Broadway, Suite 708-710
New York, New York 10007
(212) 374-1511

***ATTORNEYS FOR PLAINTIFF***

STATE OF NEW YORK, COUNTY OF                            ss.:

I, the undersigned, an attorney duly admitted to practice in the courts of New York, and

☐ **Attorney's Certification**
certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
I have read the annexed

☐ **Attorney's Verification by Affirmation**
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

The reason I make this affirmation instead of                            is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

_____

STATE OF NEW YORK, COUNTY OF                            ss.:

being sworn say: I am

☐ **Individual Verification**
in the action herein; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
the                            of

☐ **Corporate Verification**
a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
My belief, as to those matters thereof not stated upon knowledge, is based upon the following:

Sworn to before me on                            , 200

_____

STATE OF NEW YORK, COUNTY OF                            ss.:

being sworn says: I am not a party to the action, am over 18 years of age and reside at
On                            , 200     , I served a true copy of the annexed
in the following manner:

☐ **Service by Mail**
by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐ **Personal Service**
by delivering the same personally to the person and at the addresses indicated below:

☐ **Service by Electronic Means**
by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of same to the attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐ **Overnight Delivery Service**
by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                            , 200

_____

Year 2005

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CRISPINA MIRASOL,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF COMMERCE, SECRETARY CARLOS M. GUTIERREZ, ECONOMICS AND STATISTICS ADMINISTRATION, and THE UNITED STATES CENSUS BUREAU,

Defendants.

## COMPLAINT & JURY DEMAND

**BONNAIG & ASSOCIATES**
**ATTORNEYS & COUNSELORS AT LAW**

Attorney(s) for Plaintiff

Office and Post Office Address, Telephone

277 Broadway Suite 708-710
New York, New York 10007
(212) 374-1511

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certify that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: 7-12-05

Signature: _____

Print Signer's Name: MATHMA DISHAY

Service of a copy of the within _____ is hereby admitted.

Dated:

_____
Attorney(s) for

**PLEASE TAKE NOTICE THAT**

☐ Notice of Entry
that the within is a (certified) true copy of a _____ entered in the office of the clerk of the within named Court on

☐ Notice of Settlement
that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at _____ on _____ at _____ M.

Dated:

**BONNAIG & ASSOCIATES**
**ATTORNEYS & COUNSELORS AT LAW**

Attorney(s) for Plaintiff

277 Broadway Suite 708-710
New York, New York 10007

To:

Attorney(s) for