UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

CRISPINA MIRASOL,                      :

               Plaintiff,     :

       - against -                  :     **MEMORANDUM DECISION**

CARLOS M. GUTIERREZ, Secretary of     :     05 Civ. 6368 (DC)
Commerce,
                               :

               Defendant.
                               :
- - - - - - - - - - - - - - - - -x

**APPEARANCES:**   BONNAIG & ASSOCIATES
                  Attorneys for Plaintiff
                      By: Denise K. Bonnaig, Esq.
                  277 Broadway, Suite 708-710
                  New York, New York 10007

                  MICHAEL J. GARCIA, ESQ.
                  United States Attorney for the
                    Southern District of New York
                  Attorney for Defendant
                      By: Serrin Turner, Esq.
                  86 Chambers Street, 3rd Floor
                  New York, New York 10007

**CHIN, D.J.**

       In this employment discrimination case, plaintiff Crispina Mirasol, an employee of the United States Department of Commerce, Bureau of the Census (the "Bureau'), alleges that she has been subjected to a pattern of non-promotions because of her race and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Defendant Secretary Carlos M. Gutierrez moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for partial dismissal of the complaint for failure to state a claim upon which relief may be granted. For the reasons that follow, the motion is granted.

## BACKGROUND

### A. The Facts

For purposes of this motion, the factual allegations in the complaint are presumed to be true.

Mirasol, who was born in the Philippines, is a citizen of the United States. She is "an East Asian, Filipino woman." (Compl. ¶ 1). She has been employed by the Bureau since December 1985 and currently works in its New York Regional Office as an Administrative Technician, GS grade 5. (Id.). During plaintiff's more than twenty years with the Bureau, her performance has consistently been satisfactory. (Id. ¶ 13).

In about 1985, Mirasol applied for a promotion to Supervisory Payroll/Personnel Clerk, apparently in New Jersey. (Id. ¶¶ 19-20). Though she was more qualified and senior than the person who was selected, Mirasol was denied the position by the Administrative Supervisor CarolAnn Roberts. (Mirasol Decl. ¶ 8). Mirasol verbally complained to a supervisor and was fired shortly thereafter. She was subsequently rehired. (Compl. ¶¶ 19-20 & n.1).

In or about 1988, Mirasol applied for the position of Support Services Supervisor at the New York Regional Office. Though she maintains that she timely submitted her application, she was told she was not selected for the position because her application was received late. An Hispanic employee was selected for this position. (Id. ¶ 21).

In or about 1998, Mirasol applied for three

Administrative Specialist vacancies. Though she was interviewed for these positions by the Regional Director, Lester Farthing, she alleges the interview took place after the positions had been filled. (Id. ¶ 22; Mirasol Decl. ¶ 16). In or about 1999, Mirasol learned of two vacancies for Administrative Specialist positions. Because these positions were not posted, however, she was unable to apply for them. An African-American received the promotion. (Compl. ¶ 23).

In or about 2001, Mirasol was temporarily placed in the position of Administrative Specialist in Newark, New Jersey. An African-American employee who was similarly temporarily placed was given an extension on her appointment and subsequently promoted. In contrast, Mirasol's temporary appointment was cut short and she did not receive a promotion even though she was senior to the African-American employee. (Id. ¶ 24).

In 1997, Mirasol complained to the Census Bureau that there was prejudice in the workplace. She did not use the word "discrimination" because she feared retaliation. (Id. ¶ 25). In or about 1996, she filed an internal grievance because she felt she had been downgraded on her performance evaluation. (Mirasol Decl. ¶ 13). This grievance noted that Mirasol believed her supervisors' minds were tainted with prejudice. The grievance was never resolved. (Compl. ¶¶ 26-27). Mirasol never reported the 1985, 1988, 1998, or 2001 failures to promote to the Bureau's

Equal Employment Opportunity ("EEO") counselor.[1] (See generally Compl.).

On or about July 31, 2003, Mirasol promptly applied for an "Administrative Specialist GS-0301-09" position. On September 17, 2003, the Human Resources Division notified Mirasol that though she was qualified for the position of Administrative Specialist, she had not been selected for it. Instead, an African-American employee who was less qualified for the position was selected. (Id. ¶¶ 29-33). Within 45 days of this denial of promotion, Mirasol complained to the EEO counselor. (Id. ¶ 33).

Plaintiff claims that she "has been subjected to a pattern of non-promotions on the basis of her East Asian race and Filipino national origin, from 1985 to the present. She has suffered a continuing violation of her civil rights, since the Census Bureau's repeated failures to promote her amount to a 'series of related acts.'" (Id. ¶ 16). Further, she claims that the Bureau has "permitt[ed] this practice of denying [her] promotions to continue, while giving preferential treatment to Blacks and Hispanics." (Mirasol Decl. ¶ 21).

## B. Prior Proceedings

Plaintiff exhausted her administrative remedies for the 2003 non-promotion by filing a complaint with the EEO and then

---

[1] As discussed below, 29 C.F.R. § 1614.105(a)(1) provides that aggrieved employees of federal agencies "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."

with the Office of Civil Rights at the Department of Commerce. She subsequently submitted to the jurisdiction of the Equal Employment Opportunity Commission ("EEOC") so that her claims could be adjudicated by an Administrative Law Judge (the "ALJ"). On May 19, 2005, Mirasol applied for withdrawal of her charge of discrimination and a dismissal of her case from the EEOC. (Compl. ¶¶ 6-7). On May 23, 2005, the ALJ issued an order dismissing the case, and on July 12, 2005, Mirasol filed this action in this Court against Gutierrez, the United States Department of Commerce, the Economics Administration and Statistics Administration, and the United States Census Bureau. On consent, all claims were dismissed except the Title VII claim against the Secretary, by order dated January 10, 2006. On January 19, 2006, Gutierrez filed this motion to dismiss all remaining claims other than the claim arising out of the 2003 alleged failure to promote.

## DISCUSSION

### A.  The Standard on a Motion to Dismiss

In reviewing a motion to dismiss, I must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). A complaint may not be dismissed under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998) (quoting Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)).

The test is not whether the plaintiff is likely to prevail, but whether she is entitled to offer evidence to support her claims. Id. "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

B.  **The Continuing Violation Doctrine**

Gutierrez does not challenge the sufficiency of plaintiff's pleading with respect to the 2003 alleged failure to promote. Indeed, the complaint asserts that Mirasol complained to the EEO within 45 days of the incident. Gutierrez argues, however, that all non-promotions prior to September 17, 2003, are time-barred because Mirasol did not complain to the EEO about any of these alleged acts within 45 days of their occurrence.

Mirasol maintains that, because the pre-2003 acts are related to the 2003 failure to promote, the acts, taken together, constitute a pattern of discrimination and are not time-barred under the continuing violation doctrine. In response, Gutierrez argues that the Supreme Court's decision in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002) ("Morgan"), precludes application of the continuing violation doctrine to this case. For the reasons set forth below, I agree that the allegations set forth in the complaint do not warrant application

of the continuing violation doctrine to this case. Accordingly the motion is granted and all claims other than the claim based on the 2003 act are dismissed.

Under Title VII, before bringing suit in federal court, "a litigant must exhaust available administrative remedies in a timely fashion." Briones v. Runyon, 101 F.3d 287, 289 (2d Cir. 1996). For federal employees, the EEOC regulations governing timeliness require that the complaining employee consult a counselor at the employer agency's EEO office within 45 days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). "The 45-day period serves as a statute of limitations; thus, as a general rule, claims alleging conduct that occurred more than 45 days prior to the employee's initiation of administrative review are time-barred." Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001); accord Rivera v. United States Postal Serv., No. 95 Civ. 1850 (CPS), 1996 WL 435433, *3 (E.D.N.Y. July 25, 1996) (granting motion for summary judgment on grounds that plaintiff did not meet with EEO counselor until 58 days after alleged incident). The Supreme Court has urged that "strict adherence" to Title VII's timely filing requirements is "the best guarantee of evenhanded administration of the law." Morgan, 536 U.S. at 108 (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

The continuing violation doctrine offers one means by which a plaintiff can assert otherwise time-barred acts. The continuing violation doctrine applies if a plaintiff has experienced a continuous policy of discrimination. Fitzgerald,

251 F.3d at 359. If satisfied, the continuing violation doctrine allows a plaintiff "to bring suit challenging all conduct that was a part of that [continuing] violation, even conduct that occurred outside the limitations period." Cornwell v. Robinson, 23 F.3d 694, 704 (2d Cir. 1994). To demonstrate that the doctrine applies, the plaintiff is required to show that the related acts were the result of a discriminatory policy rather than isolated instances of discrimination. Fitzgerald, 251 F.3d at 359; Cornwell, 23 F.3d at 704. It is well-settled that "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir. 1993). Even prior to Morgan, the doctrine was disfavored in the Second Circuit. See, e.g., Curtis v. Airborne Freight Corp., 87 F. Supp. 2d 234, 244 (S.D.N.Y. 2000) (collecting cases).

In Morgan, the Supreme Court further limited the circumstances under which the continuing violation doctrine may save an otherwise time-barred act. Distinguishing between discrete discriminatory acts and ongoing violations such as hostile work environment claims, Morgan, 536 U.S. at 113-16, the Court held that discrete acts "are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act . . . . Each incident of discrimination and each retaliatory adverse employment decision

constitutes a separate actionable 'unlawful employment practice.'" Id. at 113-14. The Court reasoned that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify." Id. at 114 (emphasis added). In contrast, the Court found that the continuing violation doctrine could save otherwise time-barred claims where a plaintiff alleges a hostile work environment. In so holding, the Court observed that the "very nature" of claims for hostile work environment "involves repeated conduct. The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." Id. at 115 (internal citation and parenthetical explanation omitted).

As both Morgan and subsequent case law make clear, individual instances of non-promotions are discrete discriminatory acts. See id. at 114; Forsyth v. Fed. Employment & Guidance Serv., 409 F.3d 565, 572 (2d Cir 2005); Sackey v. City of New York, No. 04 Civ. 2775 (WHP), 2006 WL 337355, *5 (S.D.N.Y. Feb. 15, 2006); Gross v. Nat'l Broad. Co., Inc., 232 F. Supp. 2d 58, 68 (S.D.N.Y. 2002). Of course, an employee will be able to identify the day on which a failure to promote occurs, and a single failure to promote is actionable even if no other discriminatory act has occurred. Cf. Morgan 536 U.S. at 113-

---

It is possible that an employee could be unaware that discrimination motivated a failure to promote at the time the non-promotion occurred. Morgan explicitly noted that it did not

15. Hence, if plaintiff sought recovery for each non-promotion, it is clear that the claims based on acts prior to 2003 could not be sustained. See Branch v. Guiderland Cent. Sch. Dist., 239 F. Supp. 2d 242, 254 (N.D.N.Y. 2003) ("It is conceded that if plaintiff was seeking recovery for each independent and separate instance of alleged retaliation . . . then Morgan would control and plaintiff, to the extent that he seeks relief based on [time barred] conduct . . . , would have no recourse."). In this case, however, plaintiff has framed the failures to promote as part of a (presumably discriminatory) pattern. Accordingly, Mirasol argues that the continuing violation doctrine applies to the discrete acts of non-promotions. Plaintiff's attempt to save the time-barred acts by framing them as a "pattern" fails.

Even assuming plaintiff can assert a "pattern and practice" claim individually,[3] "a plaintiff does not properly allege an ongoing discriminatory policy simply by invoking the

---

have an occasion to resolve "whether the time begins to run when the injury occurs as opposed to when the injury reasonably could have been discovered." 536 U.S. at 114 n.7. In this case, plaintiff complained to her supervisors that she was not promoted because of her race after both the 1985 and 2001 failures to promote. (Mirasol Decl. ¶¶ 9, 22). Hence, she does not allege that she failed to complain to the EEO counselor because she was unaware of the alleged injury.

[3] Morgan did not address whether the continuing violation doctrine could be applied to pattern or practice claims. 536 U.S. at 115 n.9. Nevertheless, the Court rejected Morgan's argument that Title VII requires timely filing within 180 or 360 days of a discriminatory practice rather than a discrete act. In so holding, the Court observed that "[t]here is simply no indication that the term 'practice' [in Title VII] converts related discrete acts into a single unlawful practice for the purposes of timely filing." Id. at 111.

magic words 'pattern' or 'practice.'" Blake v. Bronx Lebanon Hosp. Ctr., No. 02 Civ. 3827 (CBM), 2003 WL 21910867, *5 (S.D.N.Y. Aug. 11, 2003) (citing Gross, 232 F. Supp. 2d at 68) (granting motion to dismiss where plaintiff alleged pattern and practice of discriminatory acts falling outside statute of limitations); accord Timothy v. Our Lady of Mercy Med. Ctr., No. 03 Civ. 3556 (RCC), 2004 WL 503760, *3 (S.D.N.Y. Mar. 12, 2004) (same). On both motions for summary judgment and motions to dismiss, courts in this circuit have consistently rejected attempts to save otherwise time-barred claims by conclusory allegations that a series of related discrete acts constituted a pattern or practice. Sackey, 2006 WL 337355, at *5 (motion for summary judgment); Idrees v. City of New York Dep't of Parks & Recreation, No. 04 Civ. 2197, 2005 WL 1026027, **6-7 (S.D.N.Y. May 3, 2005) (motion to dismiss report and recommendation); Timothy, 2004 WL 503760, at **3-4 (on motion to dismiss, noting that "courts should not readily allow plaintiffs to allege pattern or practice claims based on a series of discriminatory acts"); Blake, 2003 WL 21910867, at *5 (motion to dismiss); Gross, 232 F. Supp. 2d at 68 (motion for summary judgment).

Relying on Branch v. Guilderland Central School District, 239 F. Supp. 2d 242 (N.D.N.Y. 2003), and Bloom v. New York City Board of Education Teachers' Retirement System, No. 00 Civ. 2728 (HBP), 2003 WL 1740528 (S.D.N.Y. Apr. 3, 2003), plaintiff argues that dismissal is inappropriate at the motion to dismiss stage. These cases, however, are distinguishable.

Though decided after Morgan, Bloom does not address the effect of the Court's decision on the continuing violation doctrine. 2003 WL 1740528, at **7-8. In Branch, although the complaint alleged retaliation, the alleged acts of retaliation were comparable to a claim of hostile work environment to the extent they alleged harassment. 239 F. Supp. 2d at 254 n.9 (supervisor "began a persistent campaign of harassing and retaliatory behavior against plaintiff").

Plaintiff further argues that defendant relies exclusively on cases decided at the summary judgment stage and that therefore the current motion is premature. As discussed, courts in this circuit have granted motions to dismiss for failure to state a claim where, as here, plaintiff's sole basis for the application of the continuing violation doctrine is the conclusory allegation that the acts were a pattern. Timothy, 2004 WL 503760, at *3 (motion to dismiss); Blake, 2003 WL 21910867, at *5 (motion to dismiss); Idrees, 2005 WL 1026027, at **6-7 (granting defendant's partial motion to dismiss claims alleging pattern of discrimination based on failure to promote).

Though I agree with plaintiff that, contrary to defendant's position, the continuing violation doctrine is not necessarily "dead letter" outside of the hostile work environment context, the doctrine cannot save the time-barred actions of this case. Plaintiff's assertion that the acts resulted from a pattern or practice rests on her claim that she "has been subjected to a pattern of non-promotions on the basis of her East

Asian race and Filipino national origin, from 1985 to the present. She has suffered a continuing violation of her civil rights, since the Census Bureau's repeated failures to promote her amount to a 'series of related acts.'" (Id. ¶ 16; see also Mirasol Decl. ¶ 21 ("I realized that a continued pattern of denying me promotions had been put into effect by the Bureau.")). The complaint alleges no facts to support the conclusion that "intentional discrimination was the defendant's 'standard operating procedure,'" as she must in a pattern or practice claim. Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 158 (2d Cir. 2001) (quoting Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 336 (1977)). To the contrary, the non-promotions in question are not alleged to have been connected by anything specific. The four or five acts occurred sporadically over an eighteen-year period. To the extent plaintiff has identified her supervisor or the decision-maker in only three of the non-promotions, they involved different supervisors and decision-makers at different offices within the Bureau. Moreover, Morgan's holding that discrete acts "are not actionable if time barred, even when they are related to acts alleged in timely filed charges" will have no force if a plaintiff can avoid the statute of limitations simply by reframing in a conclusory manner an otherwise time-barred cause of action as a pattern or practice claim.

## CONCLUSION

Accordingly, defendant's motion to dismiss all pre-

September 17, 2003, claims as time-barred is granted.  Of course, the time-barred acts alleged in the complaint "'may constitute relevant background evidence'" in future proceedings involving the remaining claim.  Morgan, 536 U.S. at 112 (quoting United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977)).

SO ORDERED.

Dated: New York, New York
April 5, 2006

DENNY CHIN
United States District Judge